UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CAMILLE POUX and RALPH POUX,

                      Plaintiffs,

       - against-

THE COUNTY OF SUFFOLK, THOMAS J.
SPOTA, individually and as District Attorney
of the County of Suffolk, LINDA A. RUGGIERI,
individually and as Assistant District Attorney
of the County of Suffolk, GRAZIA DIVINCENZO,
individually and as Assistant District Attorney
of the County of Suffolk, THE COUNTY OF
NASSAU, DET. RONALD SCHEPIS, Shield
No. 883, KATHLEEN RICE, individually and
as District Attorney of the County of Nassau,
MINDY PLOTKIN, individually and as
Assistant District Attorney of the County of
Nassau, MELISSA MORRONE, individually
and as Assistant District Attorney of the County
of Nassau, CITIBANK, N.A., CITIGROUP
INVESTIGATIVE SERVICES, DARREN V.
FINN, CITIGROUP, INC., DET. INV. JOHN
WHITE, Shield No. 265 and MALLORY O.
SULLIVAN, individually and as Assistant
District Attorney of the County of Suffolk,

                      Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER
09 CV 3081 (SJF)(WDW)**

On July 17, 2009, plaintiffs Camille Poux ("Poux") and Ralph Poux ("Ralph")
(collectively, "plaintiffs") filed this action against: (1) the County of Suffolk ("Suffolk County"),
Thomas J. Spota ("Spota"), individually and as District Attorney of the County of Suffolk,
Grazia Divincenzo ("DiVincenzo"), individually and as Assistant District Attorney of the County
of Suffolk, Detective Investigator John White ("White"), Shield No. 265, Linda A. Ruggieri

("Ruggieri"), individually and as Assistant District Attorney of the County of Suffolk, and Mallory O. Sullivan ("Sullivan"), individually and as Assistant District Attorney of the County of Suffolk, (collectively, "the Suffolk County defendants"); (2) the County of Nassau ("Nassau County"), Detective Ronald Schepis ("Schepis"), Shield No. 883, Kathleen Rice ("Rice"), individually and as District Attorney of the County of Nassau, Mindy Plotkin ("Plotkin"), individually and as Assistant District Attorney of the County of Nassau, and Melissa Morrone ("Morrone"), individually and as Assistant District Attorney of the County of Nassau, (collectively, "the Nassau County defendants"); and (3) Citibank, N.A. ("Citibank"), Citigroup Investigative Services ("CIS"), Darren V. Finn ("Finn") and Citigroup, Inc. ("Citigroup") (collectively, "the Citibank defendants"), pursuant to, *inter alia*, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, alleging violations of her constitutional rights, and asserting pendent state law claims for false arrest and imprisonment; malicious prosecution; assault and battery; negligent supervision, hiring and retention; negligence; intentional and negligent infliction of emotional distress; and loss of consortium. The Nassau County defendants now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") to dismiss the following claims: (1) the federal and state law malicious prosecution claims against them; (2) the claims pursuant to the federal civil rights statutes; and (3) the pendent state law claims. The Suffolk County defendants move pursuant to Rule 12(b)(6) to dismiss: (1) Poux's federal false arrest, assault and battery claims against them; (2) plaintiffs' malicious prosecution claims against Spota, Ruggieri, Sullivan and DiVincenzo; and (3) the pendent state law claims, other than the malicious prosecution claims against White and Suffolk County. For the reasons stated herein, the Nassau County defendants' motion is granted in part and denied in part and the Suffolk

County defendants' motion is granted.

I.    Background

    A.    Factual Background[1]

        1.    The Parties

Poux is an African-American woman. (Amended Complaint [Compl.], ¶ 35). Ralph is Poux's husband. (Compl., ¶ 37).

Plaintiffs allege that, at all relevant times: Schepis was a police officer for Nassau County; Rice was the District Attorney ("D.A.") for Nassau County; Plotkin and Morrone were assistant district attorneys ("ADAs") for Nassau County; and each of the individual Nassau County defendants were acting within the scope of their employment and under color of law. (Compl., ¶¶ 40-54). Plaintiffs further allege that, at all relevant times: White was a police officer for Suffolk County; Spota was the D.A. for Suffolk County; Ruggieri, Sullivan and DiVincenzo were ADAs for Suffolk County; and each of the individual Suffolk County defendants were acting within the scope of their employment and under color of law. (Compl., ¶¶ 55-77).

Plaintiffs allege that Citibank is a subsidiary, agent or corporate division of Citigroup and that the two (2) entities are alter-egos. (Compl., ¶¶ 104-106). Plaintiffs further allege that CIS is a subsidiary, agent or corporate division of Citibank and Citigroup and that the three (3) entities are alter-egos. (Compl., ¶¶ 120-122). According to plaintiff, at all relevant times, Finn was employed by CIS as a senior investigator and was acting within the scope of his employment.

---

[1] The factual allegations are taken from the amended complaint and are assumed to be true for purposes of this motion only. They do not constitute findings of fact by the Court.

(Compl., ¶¶ 123-128).

2. Allegations

Plaintiffs allege that between December 9, 2004 and January 21, 2005, a series of fraudulent payroll checks of Suffolk County Transportation Corp. ("SCT"), a customer and depositor of Citibank, were cashed by unidentified individual(s) at various Nassau County and Suffolk County bank branches owned, operated and controlled by Citibank (hereinafter "the fraudulent check transactions"). (Compl., ¶¶ 2-6, 12). The checks were allegedly cashed in violation of Citibank's agreement with SCT that it would only cash checks for SCT employees who had accounts at Citibank. (Compl., ¶¶ 13-15).

According to plaintiffs, the Citibank defendants recorded the fraudulent check transactions, as well as a video image of the alleged perpetrator which depicted "a very tall, slender, and very light skinned complexioned Caucasian or Hispanic women [sic]." (Compl., ¶¶ 7-9). In contrast, Poux is "a very short, full figured and deeply dark skinned complexioned African-American woman." (Compl., ¶ 10).

On or about December 21, 2004, SCT discovered that approximately sixty thousand dollars ($60,000.00) had been removed from its account by Citibank as a result of the fraudulent check transactions. (Compl., ¶ 16). Although Citibank put a block on SCT's account and established a new account for SCT, it continued to credit fraudulent payroll checks against the new SCT account. (Compl., ¶ 17).

In or about mid-January 2005, Citibank and Citigroup appointed Finn to investigate the fraudulent check transactions. (Compl., ¶ 19). Plaintiffs allege that Nassau County and Suffolk

County "have instituted polices [sic] whereby bank investigators are encouraged, suffered, and allowed to perform police functions, such as fraud investigations, regarding accounts held at said banks," (Compl., ¶ 21), and have "as a matter of policy, caused, allowed and suffered [the Citibank defendants] * * * to become intertwined with the Nassau and Suffolk County Police Departments," (Compl., ¶ 22; see also ¶¶ 129-132).

Plaintiffs allege that on or about June 1, 2005, at approximately 9:45 a.m., White arrested, assaulted and battered Poux near 531 East 22nd Street in the County of Kings, New York. (Compl., ¶¶ 140-141, 203-204). Plaintiffs allege that White arrested Poux, without probable cause, at the specific direction of the other Suffolk County defendants. (Compl., ¶¶ 142-153). Plaintiffs further allege that Poux's arrest "was motivated by racial factors." (Compl., ¶ 165). According to plaintiffs, the Suffolk County D.A.'s Office dismissed the charges against her on July 14, 2008. (Compl., ¶ 163).

Plaintiffs allege that on or about July 6, 2005, at approximately 4:00 p.m., Schepis arrested, assaulted and battered Poux, without probable cause, near 2116 Cortelyou Road, in the County of Kings, New York. (Compl., ¶¶ 174-175, 179, 209-210). Plaintiffs allege that Poux was caused to be arrested by the other Nassau County defendants. (Compl., ¶¶ 176-178). Plaintiffs further allege that Poux's arrest "was motivated by racial factors." (Compl., ¶ 194). According to plaintiffs, Poux was acquitted of the Nassau County charges on October 20, 2006. (Compl., ¶ 193).

Plaintiffs allege that Finn, "acting recklessly, negligently, maliciously and with completely [sic] disregard for the truth" caused Nassau County and Suffolk County to arrest Poux for the fraudulent check transactions. (Compl., ¶ 23; see also ¶¶ 28-30). Plaintiffs further

allege that Finn "worked so closely with [Nassau County and Suffolk County] as to be functionally subsumed within [them] and/or acting as an adjunct and/or agent thereof and thereto." (Compl., ¶ 24). According to plaintiffs, Finn "acted against [Poux] due to her race" and "in order to cover up [the Citibank defendants'] negligent security practices." (Compl., ¶¶ 25-26). Plaintiffs also allege that the Citibank defendants maintain, encourage and acquiesce in a policy to "discriminate against members of the minority communities by subjecting said persons disproportionately to accusations of criminal activity without regard to the veracity of said accusations, and solely due to the race and/or ethnic orientation of said persons." (Compl., ¶ 27).

B.    Procedural History

On July 17, 2009, plaintiffs commenced this action against the Suffolk County defendants, the Nassau County defendants and the Citibank defendants, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, alleging violations of her constitutional rights, and asserting pendent state law claims seeking damages for false arrest and imprisonment, assault and battery, malicious prosecution, negligence, intentional and negligent infliction of emotional distress and loss of consortium. Specifically, plaintiffs assert the following causes of action: (1) pursuant to Section 1983 for false arrest and imprisonment in violation of Poux's Fourth and Fourteenth Amendment rights (first and second causes of action against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 139-201); (2) pursuant to Section 1983 for assault and battery in violation of Poux's Fourth and Fourteenth Amendment rights (third and fourth causes of action against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 202-212); (3) pursuant to Section 1983 for malicious prosecution in

violation of Poux's Fourth and Fourteenth Amendment rights (fifth and sixth causes of action against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 213-284); (4) for conspiracy (a) pursuant to Section 1983 (seventh, twelfth and thirteenth causes of action as between all defendants, the Suffolk County and Citibank defendants and the Nassau County and Citibank defendants, respectively) and (b) pursuant to Section 1985 (tenth cause of action as between all defendants), (Compl., ¶¶ 285-291, 302-310, 316-327); (5) pursuant to Section 1983 for failure to intercede, (eighth cause of action against the Suffolk County and Nassau County defendants), (Compl., ¶¶ 292-295); (6) pursuant to Section 1986 for failure to prevent a conspiracy (eleventh cause of action against the Suffolk County and Nassau County defendants), (Compl., ¶¶ 311-315); (7) pursuant to, *inter alia*, Section 1981 for violations of Poux's First, Fourth and Fourteenth Amendment rights (ninth cause of action against all defendants), (Compl., ¶¶ 296-301); (8) pursuant to state law for (a) false arrest, false imprisonment, assault, battery and malicious prosecution (fourteenth and fifteenth causes of action as against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 328-342); (b) negligent hiring, training, supervision and retention (sixteenth and seventeenth causes of action as against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 343-365); (c) negligence (eighteenth and nineteenth causes of action as against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 366-386); (d) intentional and negligent infliction of emotional distress (twentieth cause of action against the Suffolk County defendants and Nassau County defendants), (Compl., ¶¶ 387-416); (9) pursuant to Section 1983 and Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) against Suffolk County and

Nassau County (twenty-first and twenty-second causes of action, respectively), (Compl., ¶¶ 417-448); (10) pursuant to Section 1983 and state law, respectively, for a deprivation of Ralph's liberty interest "in preserving the integrity and stability of the marital relationship" and for loss of "comfort, enjoyment, society and service of his spouse" (twenty-third cause of action), (Compl., ¶¶ 449-453); and (11) pursuant to Section 1988 for attorneys' fees (twenty-fourth and twenty-fifth causes of action as against the Suffolk County defendants and Nassau County defendants, respectively), (Compl., ¶¶ 454-463). Plaintiffs seek compensatory and punitive damages, plus attorneys' fees, costs and disbursements.

The Nassau County defendants now move pursuant to Rule 12(b)(6) to dismiss plaintiffs' malicious prosecution claims, federal civil rights claims and pendent state law claims. The Suffolk County defendants move pursuant to Rule 12(b)(6) to dismiss: (1) Poux's federal false arrest, assault and battery claims against them; (2) plaintiffs' malicious prosecution claims against Spota, Ruggieri, Sullivan and DiVincenzo; and (3) plaintiffs' state law claims, other than the malicious prosecution claims against White and Suffolk County.


II.    DISCUSSION

A.    Rule 12(b)(6)  Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests."

8

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959; see also Arista Records, LLC v. Doe 3, ___ F.3d ___, 2010 WL 1729107, at * 9 (2d Cir. Apr. 29, 2010) (holding that although a plaintiff must provide sufficient factual amplification of his or her claims in the complaint so as to render those claims plausible, "the pleading of specific evidence or extra facts beyond what is needed to make th claim plausible" is not required). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

The Court must limit itself to the facts alleged in the complaint, which are accepted as

true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-153 (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

B.    Malicious Prosecution Claims

1.    District Attorneys and Assistant District Attorneys

Spota, Ruggieri, DiVincenzo, Sullivan, Rice, Morrone and Plotkin (collectively, "the D.A. defendants") are entitled to absolute prosecutorial immunity from plaintiff's damages claims. The Second Circuit has held that:

> "Absolute immunity affords 'complete protection from suit,' Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' Imbler v. Pachtman, 424 U.S. 409, 424-25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The doctrine's nature 'is such that it "accords protection from ... any judicial scrutiny of the motive for and reasonableness of official action,"' Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir.2005) (quoting Robinson v. Via, 821 F.2d 913, 918 (2d Cir.1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir.2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985))."

In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95-96 (2d Cir. 2007).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities. See Imbler, 424 U.S. at

430, 96 S. Ct. 984; Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001). Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, see, e.g. Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, Van de Kamp v. Goldstein, 129 S.Ct. 855, 861-2, 172 L.Ed.2d 706 (2009); see also Warney v. Monroe County, 587 F.3d 113 (2009) ("a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function.")

Similarly, under New York law, prosecutors are entitled to absolute immunity "for actions taken within the scope of [their] official duties in initiating and pursuing a criminal prosecution and in presenting the State's case." Wyllie v. District Attorney of County of Kings, 2 A.D.3d 714, 770 N.Y.S.2d 110, 114 (2d Dept. 2003); see also Smith v. City of New York, 49 A.D.3d 400, 854 N.Y.S.2d 44, 45 (1ˢᵗ Dept. 2008) (holding that actions based on the allegedly malicious or improper acts of an assistant district attorney are barred by the doctrine of absolute immunity where those actions are associated with "the prosecutorial phase of the criminal process."); see generally Pietra v. State, 71 N.Y.2d 792, 796, 530 N.Y.S.2d 510, 526 N.E.2d 1 (1988) (holding that prosecutors are entitled to absolute immunity unless they acted in the clear absence of all jurisdiction or without a colorable claim of authority).

Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. * * * Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." Parkinson, 238 F.3d at 150 (internal quotations and citations omitted); see also Shmueli, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution was not clearly beyond the

prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Since plaintiffs do not allege that the challenged actions of the D.A. defendants were undertaken in the complete absence of all jurisdiction, and the federal and state law malicious prosecution claims against the D.A. defendants involve, or relate to, the initiation and prosecution of criminal actions against Poux, the D.A. defendants are entitled to absolute immunity from plaintiffs' malicious prosecution claims, which seek only monetary damages. Accordingly, the branches of the Suffolk County and Nassau County defendants' motions seeking dismissal of plaintiffs' federal and state law malicious prosecution claims against the D.A. defendants are granted and those claims (fifth and sixth causes of action and portions of the fourteenth and fifteenth causes of action) are dismissed with prejudice as against the D.A. defendants.

### 2. Suffolk County and Nassau County

As municipal corporations, Suffolk County and Nassau County can only be held liable under Section 1983 for actions of their own policymakers. Myers v. County of Orange, 157 F.3d 66, 76 (2d Cir. 1998). Although district attorneys and assistant district attorneys are generally presumed to be local county officials under New York law, an exception exists with respect to a prosecutor's "individual determination about whether to prosecute violations of state penal laws." Myers, 157 F.3d at 76-77. Because a district attorney in New York State represents the State, not the county, when prosecuting a criminal matter, the county cannot be held liable as a

matter of law for acts occurring within the scope of the district attorney's prosecutorial duties, i.e., for the initiation and prosecution of criminal actions. See Baez v. Hennessy, 853 F.2d 73, 76-77 (2d Cir. 1988); see also Johnson v. Kings County District Attorney's Office, 308 A.D.2d 278, 763 N.Y.S.2d 635, 648 (2d Dept. 2003).

Nonetheless, "a county can be liable based upon its 'long history of negligent disciplinary practices regarding law enforcement personnel, which gave rise to the individual defendants' conduct in promoting the malicious prosecution of plaintiffs.'" Myers, 157 F.3d at 77 (quoting Gentile v. County of Suffolk, 926 F.2d 142, 152 (2d Cir. 1991)). A county may also be liable for the district attorney's management of the office, as opposed to the decision to prosecute, i.e., for a: "decision not to supervise or train ADAs regarding their legal obligations * * * [;] managerial decision to implement [an unconstitutional office] policy * * * [;] direction to the police to arrest and detain plaintiff without a warrant * * * [;] [and] long practice of ignoring evidence of police misconduct and sanctioning and covering up wrongdoing * * *." Id. (internal quotations and citations omitted); see also Johnson, 308 A.D.2d 278, 763 N.Y.S.2d at 648; Ramos v. City of New York, 285 A.D.2d 284, 729 N.Y.S.2d 678, 692-693 (1st Dept. 2001).

Since plaintiffs' malicious prosecution claims are based upon the initiation and prosecution of criminal proceedings against Poux, (Compl., ¶¶ 214-284), as opposed to Spota's and Rice's management of their respective offices, the branches of the Suffolk County and Nassau County defendants' motions seeking dismissal of plaintiffs' malicious prosecution claims against Suffolk County and Nassau County are granted and those claims (fifth and sixth causes of action and portions of the fourteenth and fifteenth causes of action) are dismissed with prejudice

13

as against Suffolk County and Nassau County.[2]

C.      Remaining Section 1983 Claims

Claims pursuant to 42 U.S.C. §1983 are governed by New York's three (3) year statute of limitations. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Although state law governs the applicable limitations period, federal law governs when a federal claim accrues. See Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999). Generally, under federal law, a claim accrues when "the plaintiff has 'a complete and present cause of action,' * * *, that is, when 'the plaintiff can file suit and obtain relief.'" Wallace, 549 U.S. at 388, 127 S.Ct. 1091 (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California, Inc., 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997)); see also Merck & Co., Inc. v. Reynolds, ___ S.Ct. ___, 2010 WL 1655827, at * 9 (Apr. 27, 2010) (holding that the general limitations rule is that a cause of action accrues once the plaintiff has a "complete and present cause of action.") "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations

---

[2] Accordingly, the malicious prosecution claims may proceed against only Schepis and White, the arresting officers. Contrary to the Nassau County defendants' contention in their reply that the malicious prosecution claim against Schepis fails to state a claim for relief, the allegations in the complaint are sufficient to satisfy the liberal pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a pleading contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint gives the Nassau County defendants "fair notice of what the [malicious prosecution] claim is [against Schepis] and the grounds upon which it rests" so as to enable them to answer that claim and prepare for trial. Twombly, 550 U.S. at 555, 127 S. Ct. 1955; see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

14

commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." Wallace, 549 U.S. at 391, 127 S.Ct. 1091.

1.    Assault and Battery Claims[3]

Plaintiffs' assault and battery claims under Section 1983 accrued as follows: (1) with respect to the Suffolk County defendants, on June 1, 2005, when plaintiffs allege that White assaulted and battered Poux, (Compl., ¶¶ 140-141, 203-204); and (2) with respect to the Nassau County defendants, on July 6, 2005, when plaintiffs allege that Schepis assaulted and battered Poux, (Compl., ¶¶ 174-175, 179, 209-210). Accordingly, plaintiffs were required to commence their Section 1983 assault and battery claims against the Suffolk County defendants on or before June 1, 2008, and against the Nassau County defendants on or before July 6, 2008. Since plaintiffs did not commence this action until July 17, 2009, their Section 1983 assault and battery claims are time-barred. Therefore, the branches of the Suffolk County and Nassau County defendants' motions seeking dismissal of plaintiff's Section 1983 assault and battery claims are granted and those claims (plaintiffs' third and fourth causes of action) are dismissed with prejudice as time-barred.

---

[3] Plaintiffs expressly do not oppose this branch of the Nassau County defendants' motion. (Affirmation in Opposition to Nassau Defendants' Motion to Dismiss [Plf. Nassau Opp.], ¶ 3). Plaintiffs also fail to oppose this branch of the Suffolk County defendants' motion.

## 2. False Arrest and Imprisonment Claims[4]

False arrest and false imprisonment claims overlap, insofar as false arrest claims are merely "a species of" false imprisonment. <u>Wallace</u>, 549 U.S. at 388, 127 S.Ct. 1091. The limitations period for false arrest and imprisonment claims begins to run "when the alleged false imprisonment ends, * * * [i.e.,] once the victim becomes held pursuant to [legal] process- when, for example, he is bound over by a magistrate or arraigned on charges." <u>Id.</u> at 389 (emphasis omitted); <u>see also</u> <u>Lynch v. Suffolk County Police Department</u>, 348 Fed. Appx. 672, 675 (2d Cir. Oct. 14, 2009). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not be absence of legal process, but by *wrongful institution* of legal process." <u>Wallace</u>, 549 U.S. at 390, 127 S.Ct. 1091. Thus, plaintiffs' false arrest and imprisonment claims accrued when legal process was initiated against Poux, which, under New York law, occurred shortly after her allegedly false arrests in 2005. <u>See</u>, <u>e.g.</u> <u>Lynch</u>, 348 Fed. Appx. at 675. Since more than three (3) years elapsed between the date Poux was arraigned and/or given an appearance ticket on both the Suffolk County and Nassau County charges and the filing of this lawsuit, plaintiffs' Section 1983 false arrest and imprisonment claims are time-barred. Accordingly, the branches of the Suffolk County and Nassau County defendants' motions seeking dismissal of plaintiffs' Section 1983 false arrest and imprisonment claims are granted and those claims (first and second causes of action) are dismissed in their entirety with prejudice.

---

[4] Plaintiffs do not oppose this branch of the Nassau County defendants' motion. (Plf. Nassau Opp., ¶ 3). Plaintiffs also fail to oppose this branch of the Suffolk County defendants' motion.

3.    Conspiracy Claims

a.    Time-Barred Claims

For claims alleging civil conspiracies, including conspiracies to violate an individual's civil rights, "the cause of action accrues and the statute of limitations begins to run from the time of commission of the overt act alleged to have caused damages." Chodos v. Federal Bureau of Investigation, 559 F.Supp. 69, 74 (S.D.N.Y. 1982), aff'd, 697 F.2d 289 (2d Cir. 1982); see also Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980) (holding that the statute of limitations accrues at the time of the wrongful act and that the existence of a conspiracy does not postpone the accrual of causes of action arising out of the conspirators' separate wrongs); Afshar v. Procon Inc., 442 F.Supp. 887, 891 (S.D.N.Y. 1977), aff'd, 580 F.2d 1044 (2d Cir. 1978) (holding that the statute of limitations for civil conspiracy claims commences to run upon the commission of the overt act causing damage).  Thus, to the extent plaintiffs' Section 1983 conspiracy claims (seventh, twelfth and thirteenth causes of action) are based upon the alleged assault, battery and false arrest and imprisonment of Poux, those claims are dismissed with prejudice as time-barred since the overt acts upon which they are based occurred more than three (3) years prior to plaintiffs' filing of the complaint.


b.    Timely Conspiracy Claims

To the extent plaintiffs' Section 1983 conspiracy claims are not time-barred, those claims (seventh, twelfth and thirteenth causes of action) are otherwise dismissed, without prejudice, for failure to state a claim.

To survive a motion to dismiss a Section 1983 conspiracy claim, a plaintiff must allege:

"(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Ciambriello, 292 F.3d at 325 (internal quotations and citation omitted).[5]

In their seventh cause of action plaintiffs allege, in relevant part, that the Suffolk County and Nassau County defendants "conspired with each other as well as with * * * [the Citibank defendants], to reach a mutual understanding and thereafter acted to undertake a course of conduct to injure, oppress, threaten and intimidate [Poux] in the free exercise and enjoyment of [her constitutional rights] * * *."[6] (Compl., ¶ 286). This is the very type of "conclusory, vague,

---

[5] The Second Circuit has declined to specifically consider whether the pleading requirements for a Section 1983 conspiracy claim set forth in Ciambriello remain valid in light of two subsequent Supreme Court decisions, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) and Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), which rejected heightened pleading standards in general. Toussie v. Powell, 323 F.3d 178 (2d Cir. 2003). Nevertheless, following Toussie, the Second Circuit, as well as other courts in this Circuit, consider to evaluate Section 1983 conspiracy claims pursuant to the pleading standard set forth in Ciambriello. See Krug v. McNally, No. 07-1015-cv, 2010 WL 772988, at * 1 (2 Cir. Mar. 8, 2010) (quoting Ciambriello's standard for pleading a Section 1983 conspiracy claim); Orr ex rel. Orr v. Miller Place Union Free School District, No. 07-CV-787, 2008 WL 2716787, at * 4 (E.D.N.Y. July 9, 2008) (citing cases).

[6] Plaintiffs further allege, inter alia, that all defendants acted in furtherance of the alleged conspiracy by, inter alia, maliciously prosecuting plaintiff, covering up wrongdoing by defendants during the course of the criminal proceeding, suppressing exculpatory evidence and submitting false police reports, statements and/or testimony to corroborate the false criminal charges against Poux. (Compl., ¶ 289).

18

[and] general allegation," which the Second Circuit found insufficient to state a Section 1983 conspiracy claim in Ciambriello. 292 F.3d at 325; see generally Iqbal, 129 S.Ct. at 1949 (holding that a pleading which offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is insufficient to state a claim for relief).

In their twelfth and thirteenth causes of action, plaintiffs allege, in relevant part: (1) that "[a]cting jointly over a period of many years, [Suffolk County and/or Nassau County] has developed policies, procedures and customs for the exclusive benefit of financial institutions within its jurisdiction whereby said financial institutions are allowed to and * * * encouraged to assume police authority and * * * to 'investigate' alleged criminal activities associated with the accounts of said financial institutions," (Compl., ¶ 317, 323); and (2) that Suffolk County and/or Nassau County knew or should have known, that the Citibank defendants used the "police powers" granted it by the County "to discriminate against minority community members for the benefit of [their] financial interests, (Compl., ¶¶ 318, 324)[7]. The fatal flaw in those causes of action is that plaintiffs fail to allege with whom the respective County allegedly "act[ed] jointly" or conspired, i.e., there is no claim that Suffolk County and/or Nassau County had an agreement with the Citibank defendants to develop the alleged policies, procedures and customs. See, e.g. Romer v. Morgenthau, 119 F.Supp.2d 346, 363 (S.D.N.Y. 2000) (holding that to withstand a motion to dismiss a Section 1983 conspiracy claim, the plaintiff "must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement,

[7] Plaintiffs' allegations regarding Suffolk County's, Nassau County's and the Citibank defendants' participation in the alleged conspiracies are essentially identical to those asserted in their seventh cause of action. (Compl., ¶¶ 319, 325).

express or tacit, to achieve the unlawful end; plaintiff must also provide some details of time and place and the alleged effects of the conspiracy." (internal quotations and citations omitted)); see also Farbstein v. Hicksville Public Library, 254 Fed. Appx. 50, 51 (2d Cir. Nov. 15, 2009); Webb v. Goord, 340 F.3d 105, 110-111 (2d Cir. 2003) (quoting Romer). Moreover, the only claims of "conspiracy" in the twelfth and thirteenth causes of action which specifically involve the Citibank defendants, (Compl., ¶¶ 319, 325), involve mere naked assertions of a conspiracy devoid of any further factual enhancement, which is insufficient to state a Section 1983 conspiracy claim. See Iqbal, 129 S.Ct. at 1949. Although plaintiffs are not required to provide detailed factual allegations in their complaint, the allegations of conspiracy contained in their complaint are insufficient "to raise a right to relief above the speculative level," Twombly, 127 S.Ct. at 1965, and further factual amplification is required in order to render plaintiffs' conspiracy claims plausible. See Arista Records, ___ F.3d ___, 2010 WL 1729107, at * 9.

Since plaintiff's allegations of conspiracy are entirely conclusory and devoid of any factual details regarding an agreement between the Citibank defendants and the Suffolk County and/or Nassau County defendants to violate plaintiffs' civil rights, the branch of the Nassau County defendants' motions seeking dismissal of those claims is granted and plaintiffs' Section 1983 conspiracy claims (seventh, twelfth and thirteenth causes of action) are dismissed in their entirety without prejudice to the extent they are not otherwise time-barred. See, e.g. Tapp v. Champagne, 164 Fed.Appx. 106, 107 (2d Cir. Jan. 26, 2006) (summary order) (holding that the plaintiff's allegation that the public defenders in his case conspired with judges and district attorneys was wholly conclusory and, thus, insufficient at the pleadings stage to establish that the public defenders were acting under color of state law); Brewster v. Nassau County, 349

F.Supp.2d 540, 547 (E.D.N.Y. 2004) (dismissing the plaintiff's Section 1983 claims of conspiracy, *inter alia*, that Legal Aid waived his rights and failed to represent him effectively, in order to "benefit themselves and/or District Attorney").

### 4.    Failure to Intercede

To the extent plaintiffs' failure to intercede claim pursuant to Section 1983 (eighth cause of action) is premised upon acts or omissions occurring more than three (3) years prior to the commencement of this action, i.e., prior to July 17, 2006, so much of that claim is dismissed with prejudice as time-barred. Accordingly, plaintiffs may not maintain their failure to intercede claim on Poux's allegedly false arrest, imprisonment, assault or battery.

### D.    Section 1981 and 1985 Claims

#### 1.    Statute of Limitations

Like Section 1983 claims, the statute of limitations for claims brought pursuant to Sections 1981 and 1985 is three (3) years. See Harrison v. Harlem Hospital, No. 08-1510-CV, 2010 WL 445608 (2d Cir. Feb. 5, 2010); Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (Section 1981 claim). Thus, to the extent plaintiffs' Section 1981 and 1985 claims (ninth and tenth causes of action, respectively) are based upon the alleged assault, battery and false arrest and imprisonment of Poux, those claims are time-barred. See, e.g. Farbstein v. Hicksville Public Library, 323 F.Supp.2d 414, 420 (E.D.N.Y. 2004) (holding that a Section 1985 cause of action accrues when the plaintiff learns of the injury from each overt act upon which the claim is based and finding that the plaintiff's Section 1985 claim was time-barred to the extent it

was based upon acts in furtherance of the conspiracy which were themselves time-barred).

2.      Section 1985 Claim

Moreover, except with respect to defendants' motivation behind the alleged conspiracy, plaintiffs' tenth cause of action is identical, in all relevant respects, to their conspiracy claims asserted in their seventh cause of action, i.e., that the Suffolk County and Nassau County defendants "conspired with each other as well as with * * * [the Citibank defendants], to reach a mutual understanding and thereafter acted to undertake a course of conduct to injure, oppress, threaten and intimidate [Poux] in the free exercise and enjoyment of [her constitutional rights] * * *."[8] (Compl., ¶ 303). Accordingly, to the extent plaintiffs' Section 1985 claims are not time-barred, they otherwise fail to state a cause of action for the reasons set forth above. See Iqbal, 129 S.Ct. at 1949; White v. Monarch Pharmaceuticals, Inc., 346 Fed. Appx. 739, 741 (2d Cir. Sept. 28, 2009) (holding that "conclusory, vague, or general allegations of conspiracy to deprive [plaintiff] of constitutional rights" are insufficient to support a Section 1985 conspiracy claim); Ciambriello, 292 F.3d at 325. Therefore, the branch of the Nassau County defendants' motion seeking dismissal of plaintiff's Section 1985 claim is granted and that claim (tenth cause of action) is dismissed with prejudice, to the extent the claim is time-barred; the claim is otherwise dismissed without prejudice.

---

[8] Plaintiffs further allege, *inter alia*, that all defendants acted in furtherance of the alleged conspiracy by, *inter alia*, maliciously prosecuting plaintiff, covering up wrongdoing by defendants during the course of the criminal proceeding, suppressing exculpatory evidence and submitting false police reports, statements and/or testimony to corroborate the false criminal charges against Poux. (Compl., ¶¶ 305-306).

E.     Section 1986 Claim

Unlike Sections 1981, 1983 and 1985, which borrow their statute of limitations from the limitations period applicable to analogous state law claims, Section 1986 expressly provides for a one (1) year limitation period from when the cause of action has accrued. 42 U.S.C. § 1986; see Davis v. Travis, No. 07 Civ. 3047, 2008 WL 5191074, at * 4 (S.D.N.Y. Dec. 3, 2008); Farbstein, 323 F.Supp.2d at 420. With respect to the Nassau County defendants, the actions of which plaintiffs complain occurred most recently on October 20, 2006, when Poux was acquitted of the criminal charges against her. Accordingly, the branch of the Nassau County defendants' motion seeking dismissal of plaintiffs' Section 1986 claim is granted and that claim (eleventh cause of action) is dismissed as against the Nassau County defendants as time-barred.

With respect to the Suffolk County defendants, the actions of which plaintiffs complain occurred most recently on July 14, 2008, when the criminal charges against Poux were dismissed. Since plaintiffs did not file their complaint until July 17, 2009[9], more than one (1) year later, their Section 1986 claim against the Suffolk County defendants is likewise time-barred. Accordingly, plaintiffs' Section 1986 claim (eleventh cause of action) is dismissed with prejudice in its entirety as time-barred.


F.     Monell Claims against Nassau County

A municipality or municipal entity cannot be held liable under § 1983 on a *respondeat superior* theory. See, Monell v. Department of Social Services of City of New York, 436 U.S.

---

[9] July 14, 2009, the last date on which plaintiffs could have timely filed their Section 1986 claims, was a Tuesday and was not a legal holiday.

658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008), cert. denied, 130 S.Ct. 95, 175 L.Ed.2d 234 (2009). A municipal entity may only be held liable if the alleged offending conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] * * * [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decisionmaking [sic] channels." Monell, 436 U.S. at 690, 98 S.Ct. 2018. The plaintiff must show a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); see also Wimmer v. Suffolk County Police Department, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Sulehria v. City of New York, 670 F.Supp.2d 288, 320 (S.D.N.Y. 2009); see also Davis v. Lynbrook Police Dept., 224 F.Supp.2d 463, 478 (E.D.N.Y. 2002). Monell claims are not subject to a heightened pleading standard and need only comply with the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure, i.e. that it include "a short and plain statement of the claim showing that the pleader is

entitled to relief." <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

Plaintiffs do not allege the existence of a formal policy officially endorsed by Nassau County or that Nassau County took any direct action with respect to the conduct alleged in the complaint. Rather, plaintiffs base their <u>Monell</u> claim against Nassau County on the specific actions of officials with alleged final policymaking authority and the "<u>de facto</u> policies, practices and customs" of its police department in, *inter alia*, "permitting private concerns to act as police officers and/or investigative officers; failing to properly screen, supervise, discipline, transfer, counsel, or otherwise control police officers engaged in the [] unconstitutional conduct * * *; [and] the police code of silence wherein police officers regularly cover up police abuse * * *." (Compl., ¶¶ 434, 437-439). Contrary to the contention of the Nassau County defendants, those allegations are sufficient at the pleadings stage to state a <u>Monell</u> claim against Nassau County. <u>See, e.g.</u> <u>Gentile v. County of Suffolk</u>, 926 F.2d 142, 152 n. 5 (2d Cir. 1991) (holding that a municipality could be held liable upon the county's long history of negligent disciplinary practices regarding law enforcement personnel). Plaintiffs' allegations in support of their <u>Monell</u> claim are sufficient to satisfy the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, insofar as they give the Nassau County defendants "fair notice of what the [<u>Monell</u>] claim is [against Nassau County] and the grounds upon which it rests" so as to enable them to answer that claim and prepare for trial. <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955; <u>see also</u> <u>Swierkiewicz</u>, 534 U.S. at 512, 122 S. Ct. 992.

G.    Loss of Companionship Claim

A plaintiff may not bring a loss of consortium claim under the federal civil rights statutes. See Harrison, 2007 WL 2822231, at * 4 (citing cases). Moreover, although the Second Circuit recognizes that a family member may have a substantive due process right "to remain together without the coercive interference of the awesome power of the state," Anthony v. City of New York, 339 F.3d 129, 142-143 (2d Cir. 2003) (quoting Tenenbaum v. Williams, 193 F.3d 581, 600 (2d Cir. 1999)), the allegations in the complaint are not "so shocking, arbitrary, and egregious" as to state a substantive due process claim based upon the right of familial association as a matter of law. Id. at 143. Accordingly, to the extent plaintiffs' twenty-third cause of action is based upon the federal civil rights statutes or asserts a substantive due process claim based upon the right of familial association, that claim is dismissed.

H.    State Law Claims[10]

State notice of claim requirements apply to state law claims brought in federal court. See Felder v. Casey, 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); Parise v. New York City Department of Sanitation, 306 Fed. Appx. 695, 697 (2d Cir. Jan. 16, 2009); Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999). Under New York law, service of a notice of claim upon a municipality, including a county, is a condition precedent to maintaining a tort action against the municipality or any of its officers, agents or employees

---

[10] Plaintiffs do not oppose this branch of the Nassau County defendants' motion. (Plf. Nassau Opp., ¶ 4). Plaintiffs oppose this branch of the Suffolk County defendants' motion only to the extent they seek dismissal of plaintiff's negligence and intentional infliction of emotional distress claims. Plaintiffs do not oppose dismissal of their state law false arrest, assault and battery claims against the Suffolk County defendants.

acting within the scope of their employment. N.Y. Gen. Mun. L. §§ 50-e and 50-i(1); N.Y. County Law § 52. The notice of claim must be served within ninety (90) days after the claim arises, N.Y. Gen. Mun. Law § 50-e(1)(a); N.Y. County Law § 52(1), and the plaintiff must commence any tort action seeking, *inter alia*, damages for personal injury against the municipality, its officers, agents, servants or employees, within one (1) year and ninety (90) days "after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1)(a); N.Y. County Law § 52(1); see Hyde v. Arresting Officer Caputo, No. 98 CV 6722, 2001 WL 521699, at * 4-5 (E.D.N.Y. May 11, 2001). "Notice of claim requirements 'are construed strictly by New York state courts * * * [and a] [f]ailure to comply with th[o]se requirements ordinarily requires a dismissal for failure to state a cause of action." Hardy, 164 F.3d at 793-794.

However, the requirements of Sections 50-e and 50-i are not conditions precedent to the commencement of an action against a county official or employee "unless the county is required to indemnify such person." Grasso v. Schenectady County Public Library, 30 A.D.3d 814, 817, 817 N.Y.S.2d 186 (3d Dept. 2006) (emphasis omitted); see also Olsen v. County of Nassau, No. CV 05-3623, 2008 WL 4838705, at * 4 (E.D.N.Y. Nov. 4, 2008); Costabile v. County of Westchester, N.Y., 485 F.Supp.2d 424, 432 (S.D.N.Y. 2007). A county's duty to indemnify its officials or employees "turns on whether they were acting within the scope of their employment * * *." Grasso, 30 A.D.3d at 817-818 (citations omitted); see N.Y. Pub. Off. Law § 18; Costabile, 485 F.Supp.2d at 432. A court may rely on the allegations contained in the complaint in making this determination. See Olsen, 2008 WL 4838705, at * 4; see also Costabile, 485 F.Supp.2d at 432.

New York law provides, in relevant part, for a county to indemnify an employee,

identified, *inter alia*, as a "person holding a position by election, appointment or employment in the service of a public entity * * *," but not including, *inter alia*, the sheriff of any county, "in the amount of any judgment obtained against such employees in a state or federal court, * * * provided that the act or omission from which such judgment or claim arose occurred while the employee was acting within the scope of his public employment or duties; * * *." N.Y. Pub. Off. L. §§ 18(1)(b) and (4)(a). New York law further provides for Suffolk County to indemnify its police and peace officers for any negligence or other tort "committed while in the proper discharge of [their] duties and within the scope of [their] employment," and specifically for application of the one (1) year and ninety (90) day statute of limitations to such officers, like White. N.Y. Gen. Mun. L. § 50-m(3). Similarly, Sections 50-l and 50-n of the New York General Municipal Law specifically provide for Nassau County to indemnify its police officers, peace officers, sheriffs, under-sheriffs and deputy sheriffs, such as Schepis, for any negligence or tort "committed while in the proper discharge of [their] duties and within the scope of [their] employment."

"An employee acts within the scope of his employment when he acts for the purpose of serving the employer." George v. New York City Transit Authority, No. 04 CV 3263, 2008 WL 4274362, at * 2 (E.D.N.Y. Sept. 17, 2008) (citing Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 756-757, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)). "In contrast, an employee's conduct that is motivated by 'personal reasons unrelated to the employer's interest' is outside the scope of employment." Id. (quoting Ierardi v. Sisco, 119 F.3d 183, 188 (2d Cir. 1997)).

A county's "duty to indemnify * * * shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Pub. Off. L. §

28

18(4)(b). Generally, intentional torts are considered to be motivated by personal reasons and, thus, are not considered to be conduct within the scope of employment. George, 2008 WL 4274362, at * 3. Nonetheless, an employee's "intentional conduct may be said to have been within the scope of his employment when his employer could have reasonably anticipated the conduct." Helbig v. City of New York, 212 A.D.2d 506, 508, 622 N.Y.S.2d 316 (2d Dept. 1995). "[T]he employer need not have foreseen the precise act or the exact manner of the injury as long as the general type of conduct may have been reasonably expected." Riviello v. Waldron, 47 N.Y.2d 297, 304, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979).

### 1.  Service of Notice of Claim on Nassau County

Plaintiffs allege that they served a Notice of Claim upon Nassau County on December 29, 2006, (Compl., ¶ 133), and upon Suffolk County on July 28, 2008, (Compl., ¶ 135)[11].

With respect to the Nassau County defendants, plaintiffs allege that Poux was assaulted and battered by Schepis on July 6, 2005, over seventeen (17) months prior to the date they served the Notice of Claim upon Nassau County. Accordingly, plaintiffs' state law assault and battery claims must be dismissed as against Nassau County for failure to timely file a Notice of Claim.

To the contrary, since plaintiffs' claims for assault and battery involve intentional wrongdoing by Schepis[12], (Compl., ¶ 339), it is arguable whether the alleged assault and battery were committed by Schepis "while in the proper discharge of his duties and within the scope of

---

[11] The Suffolk County defendants do not contend that plaintiffs failed to file a timely Notice of Claim with respect to them.

[12] Plaintiff's state law assault and battery claims are only asserted against Nassau County and Schepis. (Compl., ¶¶ 338-339).

29

his employment." However, it is unnecessary to decide whether Schepis, or any of the other Nassau County defendants, was acting within the scope of his employment with respect to the intentional torts alleged by plaintiffs because, for the reasons set forth below, plaintiffs' assault, battery and other intentional tort claims are otherwise time-barred.

### 2.    Intentional Tort Claims

Under New York law, the statute of limitations for intentional tort claims, i.e., false arrest, false imprisonment, malicious prosecution, assault and battery, applicable to entities and individuals not covered by New York General Municipal Law §§ 50-e and 50-i, is one (1) year. N.Y. C.P.L.R. § 215(3).

Under New York law, plaintiffs' common law causes of action for assault and battery accrued at the time Poux was allegedly assaulted and battered. Wilkerson v. 134 Kitty's Corp., 49 A.D.3d 718, 719, 854 N.Y.S.2d 169 (2d Dept. 2008); Yong Wen Mo v. Gee Ming Chan, 17 A.D.3d 356, 358-359, 792 N.Y.S.2d 589 (2d Dept. 2005).

The accrual date for a false arrest or false imprisonment claim asserted under state law is different than the accrual date for such claims asserted under federal law, i.e., pursuant to Section 1983. Under New York law, false arrest and imprisonment claims accrue upon the plaintiff's release from confinement. See Charnis v. Shohet, 2 A.D.3d 663, 768 N.Y.S.2d 638, 639 (2d Dept. 2003); Roche v. Tarrytown, 309 A.D.2d 842, 843, 766 N.Y.S.2d 46 (2d Dept. 2003).

Malicious prosecution claims under New York law accrue when a criminal proceeding is terminated in the plaintiff's favor. See Bumbury v. City of New York, 62 A.D.3d 621, 621, 880 N.Y.S.2d 44 (1st Dept. 2009); Roman v. Comp USA, Inc., 38 A.D.3d 751, 752, 832 N.Y.S.2d

270 (2d Dept. 2007).

### a. Nassau County Defendants

The latest date on which any of plaintiffs' intentional tort claims against the Nassau

County defendants could have accrued is October 20, 2006, when Poux was acquitted on the

Nassau County charges. Plaintiffs do not complain of any conduct by the Nassau County

defendants occurring after that date. Accordingly, regardless of whether plaintiffs had one (1)

year and ninety (90) days from that date pursuant to N.Y. Gen Mun. Law § 50-i(1), or just one

(1) year from that date pursuant N.Y. C.P.L.R. § 215(3), within which to commence their

intentional tort claims against the Nassau County defendants, those claims are time-barred

because plaintiffs did not commence this action until July 17, 2009, almost two (2) years and

nine (9) months later. See, e.g. Murray v. City of New York, 283 A.D.2d 560, 561, 725

N.Y.S.2d 73 (2d Dept. 2001). Accordingly, the branch of the Nassau County defendants' motion

seeking dismissal of plaintiffs' state law intentional tort claims against them is granted and those

claims (fifteenth and twentieth causes of action) are dismissed with prejudice.

### b. Suffolk County Defendants

#### i. Assault and Battery Claims

Plaintiffs assert state law assault and battery claims against Suffolk County and White

only and those claims are based upon White's alleged assault and battery of Poux on June 1,

2005. Since this action was not commenced until July 17, 2009, more than four (4) years

thereafter, plaintiffs' state law assault and battery claims are time-barred regardless of whether

31

the statute of limitations under N.Y. Gen. Mun. L. Section 50-i or N.Y. C.P.L.R. § 251(3) is applied. Accordingly, the branch of the Suffolk County defendants' motion seeking dismissal of plaintiffs' state law assault and battery claims against them is granted and those claims (part of the fourteenth cause of action) are dismissed with prejudice.

### ii. False Arrest and Imprisonment Claims

Although plaintiffs do not indicate when Poux was released from confinement on the Suffolk County charges against her, it is clear that she was released some time prior to July 6, 2005, the date she was arrested in Kings County on the Nassau County charges. Since this action was not commenced until July 17, 2009, more than four (4) years thereafter, plaintiffs' state law false arrest and imprisonment claims against the Suffolk County defendants are likewise time-barred regardless of which statute of limitations is applied. Accordingly, the branch of the Suffolk County defendants' motion seeking dismissal of plaintiffs' state law false arrest and imprisonment claims against them is granted and those claims (part of the fourteenth cause of action) are dismissed with prejudice.

### iii. Malicious Prosecution Claim[13]

Plaintiffs' state law malicious prosecution claim accrued on July 14, 2008, when the Suffolk County charges against Poux were dismissed. This action was commenced on July 17, 2009, more than one (1) year, but less than one (1) year and ninety (90) days, after the Suffolk

---

[13]  Although this claim is dismissed as against the D.A. defendants on the basis of absolute immunity, the claim may also be dismissed, in the alternative, as time-barred.

32

County charges against Poux were dismissed. Since the claim of malicious prosecution is an intentional tort and plaintiffs allege throughout their complaint that defendants' prosecution of Poux was motivated by racial animus and/or financial benefit, which are personal reasons, the individual Suffolk County defendants were not acting pursuant to their duties and within the scope of their employment when they committed the acts of which plaintiffs complain relating to this claim. Accordingly, Suffolk County has no duty under New York law to indemnify Spota, Ruggieri, Sullivan and DiVincenzo with respect to plaintiffs' malicious prosecution claim and, thus, the one (1) year statute of limitations under N.Y. C.P.L.R. § 215(e) is applicable to those claims. Since this action was not commenced within one (1) year from the date plaintiffs' malicious prosecution claims against the Suffolk County defendants accrued, those claims are time-barred with respect to Spota, Ruggieri, Sullivan and DiVincenzo. Accordingly, the branch of the Suffolk County defendants' motion seeking dismissal of plaintiffs' malicious prosecution claim against Spota, Ruggieri, Sullivan and DiVincenzo is granted and that claim (part of plaintiff's fourteenth cause of action) is dismissed with prejudice.[14]

### 3. Negligence Claims

Under New York law, the statute of limitations for negligence claims is three (3) years, except as otherwise provided by Section 50-e and 50-i of the New York General Municipal Law. N.Y. C.P.L.R. § 214(5).

---

[14] The Suffolk County defendants do not seek dismissal of plaintiffs' state law malicious prosecution claim against Suffolk County and White as time-barred, since less than one (1) year and ninety (90) days had elapsed between the accrual of plaintiffs' malicious prosecution claim and their commencement of this action.

33

Since, as previously noted, the latest date on which any of the conduct of which plaintiffs complain on behalf of the Nassau County defendants occurred was October 20, 2006, more than one (1) year and ninety (90) days prior to the commencement of this action, plaintiffs' negligence claims against the County and any of the individual Nassau County defendants acting pursuant to the proper discharge of their duties and within the scope of their employment are time-barred.

In their seventeenth cause of action, plaintiffs allege, *inter alia*, that Rice negligently hired and retained in her employ (as District Attorney for Nassau County) Plotkin and Morrone, with knowledge that they were unfit to be prosecutors. (Compl., ¶¶ 360-363). Nothing in this claim can be construed as an allegation against Rice in her individual capacity. See, e.g. Olsen, 2008 WL 4838705, at * 4 (quoting Henneberger v. County of Nassau, 465 F.Supp.2d 176, 199 (E.D.N.Y. 2006)). Since plaintiffs' allegations of negligent hiring and retention claim pertain to acts allegedly committed by Rice while in the discharge of her administrative duties as District Attorney and during the course of her employment with the County as a County official, Nassau County clearly has a duty to indemnify Rice under New York law, see N.Y. Pub. Off. L. § 18, and, thus, the one (1) year and ninety (90) day statute of limitations prescribed by N.Y. Gen. Mun. L. Section 50-i is applicable to plaintiffs' negligent hiring and retention claim (seventeenth cause of action ) against Rice. See, e.g. Bielski v. Green, 674 F.Supp.2d 414, 428-429 (W.D.N.Y. 2009).

Likewise, plaintiffs' general allegations of negligence against the Nassau County defendants involve conduct taken by those defendants while in the discharge of their respective law enforcement and/or prosecutorial duties and within the scope of their employment with Nassau County. Specifically, plaintiffs allege, *inter alia*, that Schepis "negligently, carelessly

34

and recklessly performed [his] police duties," (Compl., ¶¶ 378-379), and that the remaining Nassau County defendants "negligently, carelessly and recklessly performed their prosecutorial duties," (Compl., ¶¶ 379-383). There is nothing in this claim that can be construed as an allegation against the Nassau County defendants in their individual capacity. See, e.g. Olsen, 2008 WL 4838705, at * 4 (quoting Henneberger, 465 F.Supp.2d at 199). Since plaintiffs' allegations of negligence pertain to acts allegedly committed by the Nassau County defendants while in the discharge of their respective employment duties and during the course of their employment with the County, Nassau County clearly has a duty to indemnify those defendants under New York law. See N.Y. Pub. Off. L. § 18. Thus, the one (1) year and ninety (90) day statute of limitations prescribed by N.Y. Gen. Mun. L. Section 50-i is applicable to plaintiffs' negligence claim (nineteenth cause of action ) against the Nassau County defendants.

Accordingly, the branch of the Nassau County defendants' motion seeking dismissal of plaintiffs' state law negligence claims against them is granted and those claims (seventeenth and nineteenth causes of action) are dismissed with prejudice as time-barred.

### 4. Loss of Consortium Claims

#### a. Nassau County Defendants

Since all of plaintiffs' primary state law claims against the Nassau County defendants are time-barred, Ralph's loss of consortium claim against the Nassau County defendants, which is merely derivative of Poux's primary claims, must also fail. See Maddox v. City of New York, 108 A.D.2d 42, 49, 487 N.Y.S.2d 354 (2d Dept. 1985), aff'd, 66 N.Y.2d 270, 496 N.Y.S.2d 726, 487 N.E.2d 553 (1985); see also Gotlin v. Lederman, 616 F.Supp.2d 376, 397 (E.D.N.Y. 2009).

Accordingly, plaintiffs' twenty-third cause of action is dismissed with prejudice.

III.    Conclusion

For the reasons stated herein: (1) the branches of the Nassau County defendants' and Suffolk County defendants' motions seeking dismissal of plaintiffs' Section 1983 and state law claims for false arrest, false imprisonment, assault and battery are granted and those claims (plaintiffs' first through fourth causes of action) are dismissed in their entirety with prejudice; (2) the branches of the Nassau County defendants' and Suffolk County defendants' motions seeking dismissal of plaintiffs' Section 1983 and state law malicious prosecution claims against the D.A. defendants, Suffolk County and/or Nassau County are granted, and those claims (plaintiffs' third, fourth, fourteenth and fifteenth causes of action) are dismissed with prejudice as against the D.A. defendants, Nassau County and Suffolk County; (3) the branch of the Nassau County defendants' motion seeking dismissal of plaintiffs' conspiracy claims is granted and those claims (plaintiffs' seventh, tenth, twelfth and thirteenth causes of action) are dismissed in their entirety without prejudice and with leave to amend **within thirty (30) days from the date of this Order**, or those claims will be deemed dismissed with prejudice[15]; (4) the branch of the Nassau County defendants' motion seeking dismissal of plaintiffs' Section 1986 claim is granted and that claim (eleventh cause of action) is dismissed in its entirety with prejudice; (5) the branches of the Nassau County defendants' motion seeking dismissal of plaintiffs' failure to intercede and Section 1981 claims are granted insofar as those claims (eighth and ninth causes of action) are

---

[15] Since the only claims asserted against the Citibank defendants are the conspiracy claims, in the event plaintiffs fail to file an amended complaint in accordance with this Order, the complaint will be dismissed in its entirety with prejudice as against those defendants.

dismissed with prejudice to the extent that they are based upon acts or omissions occurring prior to July 17, 2006, and those branches of the motion are otherwise denied; (6) the branches of the Nassau County defendants' motion seeking dismissal of plaintiffs' state law negligence and intentional and negligent infliction of emotional harm claims against them is granted and those claims (plaintiffs' seventeenth, nineteenth and twentieth causes of action) are dismissed with prejudice as against the Nassau County defendants; (7) the branch of the Nassau County defendants' motion seeking dismissal of Ralph's loss of consortium claim is granted and that claim (twenty-third cause of action) is dismissed with prejudice as against the Nassau County defendants; and (8) Nassau County's motion is otherwise denied.[16]

The parties are directed to appear before me in my courtroom located at 100 Federal Plaza, Courtroom 1010, Central Islip, New York 11722, on **June 18, 2010 at 11:30 a.m.**, with

---

[16] For the sake of clarity, the following claims remain: (1) plaintiffs' malicious prosecution claims against Schepis pursuant to Section 1983 (sixth cause of action), against White pursuant to Section 1983 (fifth cause of action) and state law (fourteenth cause of action) and against the County of Suffolk pursuant to state law (fourteenth cause of action); (2) plaintiffs' failure to intercede and Section 1981 claims against the Suffolk County and Nassau County defendants (eighth and ninth causes of action), to the extent those claims are based on conduct occurring on or after July 17, 2006; (3) plaintiffs' state law negligence and intentional and negligent infliction of emotional distress claims against the Suffolk County defendants (sixteenth, eighteenth and twentieth causes of action); (4) plaintiffs' Monell claims against Suffolk County and Nassau County (twenty-first and twenty-second causes of action), except to the extent those claims are based upon the D.A. defendants' alleged malicious prosecution of Poux; (5) Ralph's state law loss of consortium claim against the Suffolk County defendants (twenty-third cause of action); and (6) plaintiffs' Section 1988 claims for attorneys' fees against the Suffolk County and Nassau County defendants (twenty-fourth and twenty-fifth causes of action, respectively).

authority or persons with authority to resolve this action, for a settlement and/or scheduling conference. The parties are directed to engage in good faith settlement negotiations prior to the conference.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 4, 2010
        Central Islip, N.Y.